**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IAN MITCHELL, GORDON CLARK, and
PAT MCGLYNN,

                        Plaintiffs,

ERIC FAULKNER, DUNCAN FAURE,
ALAN LONGMUIR, DEREK LONGMUIR,
LESLIE MCKEOWN, STUART WOOD and
ARISTA RECORDS, LLC,

                        Defendants.

**Case No. 10 civ. 8173**

---

**PLAINTIFFS MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
EXTEND TIME FOR SERVICE AND PERMIT SUBSTITUTED SERVICE**

---

HEIMERL LAW FIRM
Wolfgang Heimerl (WH-5192)
110 Wall Street, 11th Floor
New York, New York 10005
Telephone: (212)709-8370

Attorneys for Plaintiffs Ian Mitchell,
Gordon Clark, and Pat McGlynn

1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………………………………………...……ii

I.     PRELIMINARY STATEMENT…………………………………….…..1

II.    LEGAL ARGUMENT

       A. THE COURT SHOULD REASONABLEY EXTEND
          THE TIME IN WHICH PLAINTIFFS MUST SERVE
          DEFENDANTS WITH THE SUMMONS AND COMPLAINT…..…..3

       B.  THE COURT SHOULD PERMIT SUBSTITUTED SERVICE
           UPON COUNSEL FOR THE ROLLERS DEFENDANTS…………..5

III.   CONCLUSION………………………………………………………....6

# TABLE OF AUTHORITIES

*Cases:*

*AIG Managed Mkr. Neutral Fund v. Askin Capital Mgmt., L.P.,*
197 F.R.D. 104, 109 (S.D.N.Y. 2000)..…………………………………………...…3

*Blandford v. Broome County Government,*
193 F.R.D. 65 (N.D.N.Y. 2000)…………..……………..……………………4

*FMAC Loan Receivables v. Dagra,*
228 F.R.D. 531, 534 (E.D. Va. 2005)..……………………………...……….5

*Henderson v. United States,*
517 U.S. 654, 672 (1996)……………………………………………………..5

*Int'l Controls Corp. v. Vesco,*
593 F.2d 166, 176 (2d Cir. 1979)………………………………………….6

*Lloyd v. Alpha Phi Alpha Fraternity, Inc.,*
1998 WL 236207 (N.D.N.Y. 1998)……………………………………………4

*Mejia v. Castle Hotel,*
164 F.R. D. 343, 344 (S.D.N.Y 1996)……………………………………….3

*RMS Production Corp. v. Fridman,*
2007 WL 2295907 (S.D.N.Y. 2007)……………………………………..……5

*Salomon Bros. Inc. v. Huitong Int'l Trust & Inv. Corp.,*
1997 WL 324051(S.D.N.Y. 1997)……………………………………………6

*Tishman v. The Associated Press,*
2005 WL 3466022 (S.D.N.Y. 2005)……………………………………………4

*Volkswagenwerk Aktiengesellschaft v. Schlunk,*
486 U.S. 694(1988)…………………………………………………………….5


*Statutes:*

Federal Rule of Civil Procedure 4(m)…………………………………………3

Federal Rule of Civil Procedure Rule 4(f)(3)……………………………...………5


*Additional Sources:*

Advisory Committee Notes to Fed.R.Civ.P. 4(m)……………………………...3

Ian Mitchell, Gordon Clark, and Pat McGlynn (hereinafter "Plaintiffs") submit this Memorandum of Law in support of their Motion to Extend the Time in which to serve Defendants pursuant to Federal Rule of Civil Procedure 4(m) and for substituted service pursuant to Federal Rule of Civil Procedure 4(f)(3).

## PRELIMINARY STATEMENT

Defendants Eric Faulkner, Duncan Faure, Alan Longmuir, Derek Longmuir, Leslie McKeown, and Stuart Wood (hereinafter the "Rollers Defendants"), all former members of the music group Bay City Rollers, have filed a related action (bearing Case Number 07 Civ. 2318) for breach of contract, breach of fiduciary duty, constructive trust, and an accounting against Defendant Arista Records, LLC (hereinafter "Arista"), seeking the recovery of unpaid royalties that have been accumulating for nearly thirty years.

Plaintiffs Ian Mitchell, Gordon Clark, and Pat McGlynn (hereinafter "Plaintiffs"), also former members of the Bay City Rollers, have requested Rollers Defendants to recognize the legitimacy of their claims to any royalties paid by Arista with respect to those sound recordings in which Plaintiffs performed as band members. Rollers Defendants have refused to recognize Plaintiffs' right to an interest in those royalties generated as a result of Plaintiffs' hard work, talent and performances. Plaintiffs were therefore compelled to file a motion to intervene in the action commenced by the Rollers Defendants. Plaintiffs' motion was denied.

Thereafter, on March 10, 2010, Plaintiffs commenced an action, by Order to Show, in the Supreme Court of the State of New York seeking a declaratory judgment regarding their entitlement to receive certain proceeds from the Rollers Defendants in the event that the Rollers Defendants prevailed as against Arista. Defendants did not make a formal appearance in the State Court Action, but counsel for the Defendants did participate in the proceedings in the New York Supreme Court and objected to the commencement of the State Court Action in part claiming that the Complaint was premature as a motion to dismiss the Complaint, on statute of limitations grounds, was pending in this Court and that the

proper venue for any action commenced by the Plaintiffs was most appropriate in this Court.

The parties reached an agreement that none of the Defendants would object to jurisdiction of any newly filed federal lawsuit and Plaintiffs continued to seek an agreement on counsels' acceptance of service of the Summons and Complaint on any newly filed action. To alleviate Defendants concerns of litigating two cases simultaneously, Plaintiffs agreed that they would consent to having any newly filed action placed on the suspense calendar so that the Defendants would not be forced to respond to what they perceived to be a premature action. Based on those discussions, on July 26, 2010, Plaintiffs agreed to voluntarily dismiss the State Court Action, without prejudice, in favor of a new federal action to be filed in the future in which a request would be made to mark that new action as a related case to the then pending federal court action.

Plaintiffs commenced this action on October 28, 2010 and requested that it be marked as a related action to the prior federal court action. On December 30, 2010 this Court marked this case as a related Case to that prior action.

On March 23, 2011, this Court issued an Opinion and Order denying the motion to dismiss on statute of limitations grounds and the prior federal action was to continue. With the prior federal action continuing, the notion that the Plaintiffs' Complaint in this action was premature has been dispelled.

On May 25, 2011, Plaintiffs again requested counsel accept service of the Summons and Complaint in this action.    The Rollers Defendants did not respond to this request which has necessitated this motion.

2

## II.

## LEGAL ARGUMENT

A.   **THE COURT SHOULD REASONABLEY EXTEND THE TIME IN WHICH PLAINTIFFS MUST SERVE DEFENDANTS WITH THE SUMMONS AND COMPLAINT**

Fed.R.Civ.P. 4(m) provides in part: "Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

If service is not made within the time provided, the court "shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed.R.Civ.P. 4(m). Where good cause is shown, the court is *mandated* to extend the time for service. Even without such a showing, or even a request by plaintiff for additional time, the court is *authorized* either to dismiss the action or to require service within a set time period. *See,* Advisory Committee Notes to Fed.R.Civ.P. 4(m) ("[The amended Rule 4(m) ] authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown"); *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.,* 197 F.R.D. 104, 109 (S.D.N.Y. 2000) ("Although an extension of time is not mandatory in the absence of good cause, the Court may in its discretion extend the time to complete service."); *Mejia v. Castle Hotel,* 164 F.R.D. 343, 344 (S.D.N.Y.1996) ("Where good cause is shown, Rule 4(m) requires the Court extend time to serve process ... [;][h]owever, where ... good cause is not established, a court may in its discretion decide whether to dismiss the case without prejudice or extend time for service.") "By authorizing the Court to grant additional time as an alternative to dismissal, providing that any dismissal shall be without prejudice, and affirmatively requiring such extensions

3

where good cause for the dereliction is shown, the Rule provides trial courts with considerable flexibility, and reflects a healthy distaste for dismissing an action based on technical defects in service." *Tishman v. The Associated Press*, 2005 WL 3466022 (S.D.N.Y. 2005) at 2.

To determine whether good cause exists, a court considers whether plaintiff made reasonable efforts to serve defendant and whether defendant has been prejudiced by the delay. *See, Lloyd v. Alpha Phi Alpha Fraternity, Inc.,* 1998 WL 236207 (N.D.N.Y.), at *2. Where good cause does not exist, the court, in determining whether to exercise its discretion to extend the time for service, considers whether the applicable statute of limitations would bar a re-filed action; whether defendant had actual notice of the claims asserted in the complaint; whether defendant had attempted to conceal a defect in service; and whether defendant would be prejudiced by an extension. *See, Blandford v. Broome County Government,* 193 F.R.D. 65 (N.D.N.Y. 2000) at 68.

Plaintiffs have demonstrated good cause for not having served the Defendants due to: (i) Plaintiffs have not been able to obtain current address for the foreign Rollers Defendants and have not been able to effect service under the Hague Convention; (ii) Plaintiffs have refrained from actively pursuing this matter at the request of the Defendants and the Court's Opinion and Order wherein the Court indicated that Plaintiffs' causes of action are entirely contingent upon the Rollers Defendants prevailing in the prior federal court action; and (iii) Plaintiffs have been negotiating in good faith regarding this action and acceptance of service of process.

Here, like in *Tishman*, the failure of service is technical, and no prejudice to the Defendants can been shown. The Defendants manifestly received notice of the action and of the contents of the Complaint as it is the same allegations as contained Plaintiffs' motion to intervene and the Complaint in the State Court Action. Counsel has appeared on the Defendants' behalf when opposing the motion to intervene in this Court and the Order to Show Cause in the State Court Action.   No claim is made that personal service

4

within the jurisdiction is necessary to acquire in personam jurisdiction over the defendants, who agreed to not challenge this Court's jurisdiction over them.

## B. THE COURT SHOULD PERMIT SUBSTITUTED SERVICE UPON COUNSEL FOR THE ROLLERS DEFENDANTS.

The text of Federal Rule of Civil Procedure 4(f)(3) limits a court's power to fashion a method of service pursuant to the rule to any means "not prohibited by international agreement ." In *RMS Production Corp. v. Fridman*, 2007 WL 2295907 (S.D.N.Y.) the plaintiff was unable to effectuate service under the Hague Convention and sought to serve the defendant's New York attorney with service of process.

The Hague Service Convention has "no further implications," therefore, "[w]here service on a domestic agent is valid and complete under both state law and the Due Process Clause." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988). Foreign nationals are assured under our nation's Due Process Clause "of either personal service, which typically will require service abroad and trigger the [Hague Service] Convention, or substituted service that provides notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 705 (citation omitted); *see also, FMAC Loan Receivables v. Dagra,* 228 F.R.D. 531, 534 (E.D. Va. 2005) (plaintiff's request for court-directed service on defendant through counsel in the United States pursuant to Rule 4(f) (3) did not implicate the convention because it involved no transmittal of documents abroad).

The Supreme Court has explained that "the core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States,* 517 U.S. 654, 672 (1996). Here Defendants' counsel can not assert that the Rollers Defendants did not have notice of the instant litigation or the relief sought herein, nor that they would be unable, if properly served, to litigate their defenses. Indeed, such a contention, if asserted, would be suspect in light of

5

the Rollers Defendants active litigation as a plaintiff in this Court in the prior federal action. "[N]o one form of substitute service is favored over any other," and in fashioning substituted service on a defendant located abroad, a court should consider the "necessities" of a particular case. *Int'l Controls Corp. v Vesco,* 593 F.2d 166, 176 (2d Cir. 1979). *See, Salomon Bros. Inc. v. Huitong Int'l Trust & Inv. Corp.,* 1997 WL 324051, at *3 (S.D.N.Y. 1997) (defendants' actual notice provided "proper grounds" to permit substituted service through defendant's counsel in the United States).

### III. CONCLUSION

For the reasons set forth above, Plaintiffs Ian Mitchell, Gordon Clark, and Pat McGlynn respectfully request that this Court grant their motion to to extend the time for service on the Defendants and permit substituted service upon New York counsel for the Rollers Defendants and that such service be deemed good and effective upon the Rollers Defendants.

Dated: November 15, 2011
      New York, New York

Respectfully submitted,

**HEIMERL LAW FIRM**

By: _____
Wolfgang Heimerl (WH-5192)
110 Wall Street, 11th Floor
New York, New York 10005
Tel: (212) 709-8370
HeimerlLawFirm@ATT.net

Attorneys for Plaintiffs Ian Mitchell,
Gordon Clark, and Pat McGlynn

6